# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **CELL FIX, INC.,** a Florida Corporation<br><br>   Plaintiff,<br>   v.<br><br>**4CELLFIX INC.,** a Florida Corporation;<br>**FIRST CONCEPT WIRELESS, INC..**,<br>a Florida Corporation d.b.a "4CELLFIX INC;"<br><br>   Defendants. | Civil Action No.:<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT

Plaintiff, Cell Fix, Inc., a Florida corporation, ("Plaintiff"), by and through its undersigned counsel, sues Defendant, 4CellFix Inc., a Florida Corporation, and Defendant, First Concept Wireless, Inc., a Florida Corporation (collectively, "Defendants") doing business as 4CellFix Inc., with actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, states as follows:

## NATURE OF THE ACTION

1.     This is a civil action for trademark infringement and unfair competition arising under the federal Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d), as

well as a related Florida state law claims. Plaintiff seeks equitable and monetary relief from Defendants' willful violations of Plaintiff's trademark rights in its federal and common law CELLFIX mark (the "Mark").

2. Defendant has been operating, selling, and promoting its business as 4CellFix Inc., purposefully imitating and misappropriating the goodwill of Plaintiff's CELLFIX mark. As a result of the Defendants' use of 4CELLFIX in connection with its services, activities, and promotions, consumers have and are likely to continue to confuse Defendants with Plaintiff.

## THE PARTIES

3. Plaintiff is a Florida Corporation, with its principal place of business at 8601 N. Florida Ave, Tampa, FL 33604.

4. Defendant 4CellFix Inc. is a Florida Corporation with a principal place of business at 4005 Fiesta Plaza, Tampa, FL 33607. Its Florida registered agent and President is Katia Vital-Herne, 4005 Fiesta Plaza, Tampa, FL 33607.

5. Defendant First Concept Wireless, Inc. is a Florida Corporation with a principal place of business at 18561 NW 27th Avenue, Miami, FL 33056. Its Florida registered agent and President is Emmanuel W. Vital-Herne, 18561 NW 27th Avenue, Miami, FL 33056.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over these claims pursuant to 28

U.S.C. §§ 1331 because of claims under the Lanham Act and pendant jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

7. Defendant 4CellFix Inc. is subject to personal jurisdiction in Florida as it is a corporation registered in Florida subject to both general and specific jurisdiction in this State.

8. Defendant First Concept Wireless is subject to personal jurisdiction in Florida as it is a corporation registered in Florida subject to both general and specific jurisdiction in this State.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because, among other things, the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

10. Since February 2012, Plaintiff has marketed and provided services in repair of computer hardware and installation, maintenance, and repair of cell phone related hardware under the mark CELLFIX.

11. Plaintiff owns the valid and subsisting U.S. federal trademark registration No. 5,802,604 for its CELLFIX mark, true and correct copy of which is attached as **Exhibit A**.

12. Plaintiff also owns T14000000644 and T19000001325, both valid and

subsisting Florida trademark registrations for its CELLFIX mark, true and correct copies of which are attached as **EXHIBIT B** and **C.**

13.     In addition to using its mark on stores and products, Plaintiff operates a website cellfixinc.com using the CELLFIX mark.

14.     Plaintiff operates twelve (12) CELLFIX franchises throughout the Tampa Bay area.

15.     In 2018, Defendants began using the 4CELLFIX mark for cell phone repair services, cell phone activation services, and the sale of cell phone accessories.

16.     Upon information and belief, Defendants operate a location in the Tampa Bay area located at 4005 Fiesta Plaza Blvd, Tampa, FL 33607.

17.     Defendants registered the fictitious name 4CELLFIX INC with the state of Florida on September 29, 2015.

18.     Defendants also operate multiple social media accounts using the 4CELLFIX mark, including Facebook, Instagram, and LinkedIn for sales and advertising without the Plaintiff's approval.

19.     Due to the Defendant's similar pronunciation of the 4CellFix name to Plaintiff's CELLFIX mark, and Defendants' imitation of Plaintiff's Cell Fix, Inc. corporate name, Defendants' 4CELLFIX mark and their doing business as "4CellFix Inc." have created consumer confusion resulting in negative reviews and consumer reports associated with Defendants' locations to be posted as reviews of Plaintiff.

20. Specifically, in 2021, a customer of the Plaintiff purchased an item from the Plaintiff but subsequently had issues related to the purchase. The customer made attempts to contact CellFix but, in the customer's confusion, reached out to 4CellFix.

21. This matter escalated further due to the confusion as, on November 16, 2021, the customer intended to file a complaint with the Better Business Bureau ("BBB") about the Plaintiff, but, continuing the pattern of confusion, filed against 4CellFix.

22. On November 17, 2021, the BBB notified 4CellFix and requested it respond to the customer's complaint. However, 4CellFix chose to ignore the complaint and the BBB.

23. Between December 1, 2021 and December 20, 2021, the BBB contacted or attempted to contact 4CellFix on 4 separate occasions to resolve the customer's complaint.

24. 4CellFix completely disregarded both the BBB and the customer. By the time the customer's confusion was cleared up, irreparable damage to the CELLFIX mark occurred over an instance that would have been resolved quickly by Plaintiff if there was no confusion in the marketplace by consumers.

25. Additionally, Plaintiff receives numerous calls from consumers mistakenly believing products were serviced or purchased at Plaintiff's locations when the products were purchased or serviced at Defendants' locations.

26. With full knowledge of Plaintiff's rights, Defendants' continued use and

expansion of the confusingly similar mark has caused and is likely to continue causing confusion, mistake, and deception as to the source or origin of Defendants' services, and is likely to falsely suggest a sponsorship, connection, or association between Defendants, their services, and/or their commercial activities with Plaintiff.

27. Defendants' acts, described above, have damaged and irreparably injured, and, if permitted continue, will further damage and irreparably injure Plaintiff and its CELLFIX mark.

28. Defendants' acts, described above, have irreparably injured, and, if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

29. Defendants are knowingly, willfully, intentionally, and maliciously using their confusingly similar imitations of Plaintiff's mark.

30. All conditions precedent to the institution and maintenance of this action have occurred or been performed by Plaintiff.

31. Plaintiff has engaged the law firm of Stanton IP Law Firm, P.A. to represent it and are obligated to pay its attorneys a reasonable fee for their services in this action.

## COUNT I
## Violation of 15 U.S.C. § 1114(a) – Federal Trademark Infringement

32. Plaintiff reallege paragraphs 1 – 31 of this Complaint as if fully restated herein.

33. This is an action for an injunction arising under 15 U.S.C. §§ 1114 and 1116, and for damages arising under 15 U.S.C. §§ 1114 and 1117.

34. Defendants have, by virtue of its above-described acts, infringed upon Plaintiff's rights in its federal trademark registrations in violation of 15 U.S.C. § 1114.

35. Defendants' above-described acts of infringement have been committed, and are continuing to be committed, willfully and with the knowledge that Defendants' Mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

36. Defendants' above-described acts of infringement have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violating Plaintiff's trademark rights due to the confusion, mistake, or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement. Plaintiff has no adequate remedy at law.

37. As a result of the above-described intentional and deliberate infringement of Plaintiff's trademark rights by Defendants, Plaintiff is entitled to an injunction and an award of Defendants' profits, up to three (3) times any damages sustained by Plaintiff, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

**COUNT II**
**Violation of 15 U.S.C. § 1125 – Federal Unfair Competition**

38. Plaintiff reallege paragraphs 1 – 31 of this Complaint as if fully restated herein.

39. This is an action for an injunction arising under 15 U.S.C. §§ 1125 and 1116, and for damages arising under 15 U.S.C. §§ 1125 and 1117.

40. Defendants have, by virtue of the above-described acts, infringed upon Plaintiff's federally registered and common law rights in the Mark and are competing unfairly with Plaintiff by falsely designating Defendants' services as originating with Plaintiff or legitimately connected with Plaintiff in violation of 15 U.S.C. § 1125.

48. Defendants' above-described acts of infringement and unfair competition have been committed, and are continuing to be committed, willfully with the knowledge that Defendants' 4CELLFIX mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

49. Defendants' above-described acts of infringement and unfair competition have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violating Plaintiff's trademark rights and competing unfairly with Plaintiff due to the confusion, mistake or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement and unfair competition. Plaintiff has no adequate remedy at law.

50. As a result of the above-described intentional and deliberate infringement of Plaintiff's trademark rights and unfair competition by Defendants, Plaintiff is entitled to an injunction and an award of Defendants' profits, up to three (3) times any damages sustained by Plaintiffs, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

## COUNT III
### Florida Trademark Infringement

51. Plaintiff reallege paragraphs 1 – 31 of this Complaint as if fully restated herein.

52. This is an action against Defendants for damages and injunctive relief for Florida trademark infringement under Florida law due to Defendants' infringement of a Florida trademark.

53. Plaintiff is the owner of the Florida trademark for CELLFIX.

54. Defendants are intentionally advertising services to members of the public under a highly similar mark to that of Plaintiff.

55. Plaintiff adopted, filed, and used the Mark prior to Defendants' corresponding use.

56. Defendants' use of Defendants' 4CELLFIX mark is confusingly similar to Plaintiff's use of its Mark, is used for highly similar and/or related services, is directed at the same customers and is likely to cause confusion or mistake among ordinary purchasers in the marketplace as to the source, origin, association or

sponsorship of Plaintiff's services with those of Defendants.

57. Defendants' infringement of the mark has caused, and is continuing to cause, irreparable harm to Plaintiff's business.

58. Unless restrained and enjoined, Defendants' conduct is likely to continue.

59. Defendants' conduct is willful, wanton, malicious, deliberate and with reckless disregard for Plaintiff's rights entitling Plaintiff to an award of punitive damages.

## COUNT IV
### Florida Common Law Trademark Infringement

60. Plaintiff reallege paragraphs 1 – 31 of this Complaint as if fully restated herein.

61. This is an action against Defendants for damages and injunctive relief for Common trademark infringement under Florida law due to Defendants' infringement of a common law trademark.

62. Plaintiff is the owner of a common law trademark for CELLFIX.

63. Defendants are intentionally advertising services to members of the public under a highly similar mark to that of Plaintiff.

64. Plaintiff adopted and used the Mark prior to Defendants' corresponding use.

65. Defendants' use of the 4CELLFIX mark is confusingly similar to Plaintiff's use of its Mark, is used for highly similar and/or related services, is directed at the same customers and is likely to cause confusion or mistake among ordinary

purchasers in the marketplace as to the source, origin, association or sponsorship of Plaintiff's services with those of Defendants.

66. Defendants' infringement of the mark has caused, and is continuing to cause, irreparable harm to Plaintiff's business.

67. Unless restrained and enjoined, Defendants' conduct is likely to continue.

68. Defendants' conduct is willful, wanton, malicious, deliberate and with reckless disregard for Plaintiff's rights entitling Plaintiff to an award of punitive damages.

## COUNT V
### Florida Common Law Unfair Competition

69. Plaintiff reallege paragraphs 1 – 31 of this Complaint as if fully restated herein.

70. Defendants acts of infringing on Plaintiff's federal and Florida trademark all constitute acts of unfair competition in contravention of Florida common law.

71. Plaintiff has suffered actual damages proximately caused by Defendants' unfair competition.

72. Defendants acts of unfair competition have caused and will cause great and irreparable harm to Plaintiff in an amount which cannot be adequately remedied by money damages, leaving Plaintiff with no adequate remedy at law. Therefore, Plaintiff is entitled to full injunctive relief against Defendants, and any other persons or entities associated with or acting in concert with Defendants restraining their

further acts of unfair competition.

73. Defendants acts of unfair competition are undertaken knowingly, willfully, and in malicious disregard of Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court enter such preliminary and final orders and judgements as are necessary to provide Plaintiff with the following requested relief:

a) an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Plaintiff's trademark rights and unfairly competing with Plaintiff in any manner whatsoever in connection with the operation of its business, and from continuing to operate its business in any manner tending to confuse or deceive the public into believing that its business is in any way connected with, sponsored by, or affiliated with Plaintiff;

b) an order directing Defendants to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction entered by the Court within thirty (30)

days after the entry of the injunction in compliance with 15 U.S.C. § 1116(a);

d) an accounting of Defendants' wrongfully derived profits and an order that the same be paid over to Plaintiff;

e) up to three (3) times any damages sustained by Plaintiff;

f) That Plaintiff be awarded compensation for corrective advertising for the damage to Plaintiff's goodwill;

g) That, based on Defendants' willful and deliberate infringement of Plaintiff's Marks, and to deter such conduct in the future, Plaintiffs be awarded punitive damages;

h) restitution to Plaintiff of any and all money Defendants have acquired by means of unfair competition;

i) interest on such profits and damages at the highest rate allowed by law;

j) That Defendants be required to pay Plaintiffs the cost of this action and Plaintiff's reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117;

k) such other relief as the Court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, by and through its undersigned attorneys, request a trial by jury on all issues so triable.

## **RESERVATION OF RIGHTS**

Plaintiff reserves the right, upon further investigation and discovery, to assert

such claims against Defendants and other responsible parties as may be just and appropriate under the circumstances.

Dated: March 7, 2022.

>  /s/Thomas H. Stanton
>  Thomas H. Stanton
>  Florida Bar No. 127444
>  Stanton IP Law Firm, P.A.
>  201 E. Kennedy Blvd. Suite 1900
>  Tampa, FL 33602
>  813.421.3883
>  tstanton@stantoniplaw.com
>  *Counsel for Plaintiff*